IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

IN THE MATTER OF THE COMPLAINT
OF JASON PAYNE AND PENNY PAYNE,
as Owners of a 2008 Meridian 411 Sedan,      CASE No.8:23-cv-02582-KKM-AEP
"Lucky Penny II," HIN MDNJ5002D708, for
Exoneration from or Limitation of Liability,

        Petitioners.
_____/

## ORDER

Petitioners, as the owners of a 2008 Meridian 411 Sedan with Hull Identification Number MDNJ5002D708 ("Vessel"), filed a Complaint pursuant to 46 U.S.C. §§ 30501 *et seq*. and Supplemental Rule F of the Federal Rules of Civil Procedure, seeking exoneration from or limitation of liability for any claim arising from a fire that occurred within the Vessel on or about October 4, 2023 while it was docked at the Pasadena Yacht and County Club, located in Gulfport, Florida. (Doc. 2). Petitioners allege that the Vessel was effectively destroyed and at least two other vessels were damaged as a result of the fire which was occasioned without Petitioners' knowledge or privity. (Doc. 2, ¶¶ 7, 14, 24).

Petitioners filed a declaration from a marine surveyor attesting that the post-incident value of the Vessel was zero dollars ($0.00). (Doc. 2-2). Therefore, Petitioners have not deposited any funds with this Court as security but have submitted an Ad Interim Stipulation for Value for zero dollars ($0.00). (Doc. 5). Petitioners also filed a Stipulation for Costs in the sum of $250 as required by Supplemental Admiralty Rule (F)(1). (Doc 6).

Petitioners now move for entry of an Order approving security, directing issuance of a monition, and restraining the prosecution of claims other than in this action in accord

with Supplemental Rules F(3) and (4), Federal Rules of Civil Procedure. (Doc 4.) ("Motion"). After careful consideration, and pursuant to Supplemental Rule F and the papers and declaration filed by Petitioners, the Motion (Doc. 4) is **GRANTED** and the Court orders as follows:

1. Petitioners' Complaint complies with 46 U.S.C. §§ 30501 *et seq*. and Supplemental Rule F of the Federal Rules of Civil Procedure.

2. The Ad Interim Stipulation for Value of Petitioners' interest in the Vessel for zero dollars ($0.00) is accepted as an Ad Interim Stipulation for the purposes of this action and it is approved as to form and quantum.

3. The Stipulation for Costs (Doc. 6) of $250 is accepted.

4. Petitioners and any claimant who may properly become a party to this action may contest the amount of value of Petitioners' interest in the Vessel as fixed in said Ad Interim Stipulation, subject to such increases or decreases in the amount of such Stipulation, together with adequate security, as the Court may from time-to-time order according to the rules and practices of this Court.

5. If the amount of the Ad Interim Stipulation is not contested by any claimant, said Stipulation shall stand as a Stipulation for Value, and an appraisal by a commissioner will not be required.

6. A Notice of Monition is attached hereto. The Clerk shall issue said Monition under the seal of this Court. If any claimant desires to contest Petitioners' right to exoneration from or limitation of liability, Claimant shall file and serve on Petitioners' attorneys an answer to the Complaint, on or before December 29, 2023, unless the claim included an answer to the Complaint so designated, or be defaulted.

7. No later than the day of second publication, Petitioners shall mail a copy

of the Notice to every person known to have made any claim against the Vessel or Petitioners arising out of the fire set forth in the complaint.

8. Except this action, the commencement or further prosecution of any action or proceeding against Petitioners, the Vessel, or any other property of Petitioners with respect to any claims for which Petitioners seek exoneration from or limitation of liability herein, including any claim arising out of or incident to or connected with any loss, damage, injury, death or destruction, more fully described in the Complaint, be and the same is hereby restrained, stayed, and enjoined until the hearing and determination of this action.

ORDERED in Tampa, Florida, this 20th day of November, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

"IN ADMIRALTY"

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF JASON PAYNE AND PENNY PAYNE, as Owners of a 2008 Meridian 411 Sedan, "Lucky Penny II," HIN MDNJ5002D708, for Exoneration from or Limitation of Liability, | CASE No.8:23-cv-02582-KKM-AEP |
| Petitioners. _____/ | |

**MONITION**

Notice is given that the above-named Petitioners have filed a Complaint, pursuant to 46 U.S.C. § 30501 *et. seq.*, for exoneration from or limitation of liability for all claims of damages or injuries, arising out of or occurring as result of an accident involving a 2008 Meridian 411 Sedan with Hull Identification Number MDNJ5002D708("Vessel") on or about October 4, 2023, at which time a fire occurred within the vessel while it was docked at the Pasadena Yacht and County Club, located in Gulfport, Florida.

All persons having claims against Petitioners JASON PAYNE and PENNY PAYNE and the Vessel in relation to the October 4, 2023 accident must file their respective claims with the Clerk of this court and serve on the attorneys for Petitioners copies thereof on or before **December 29, 2023**. Claims shall be filed with the Clerk of this Court, at the United States District Court, Middle District of Florida, Tampa Division, 801 N. Florida Avenue, #223, Tampa, Florida 33602-3800, and copies shall be served or mail to Petitioners' attorney, Eric Thiel of Banker Lopez Gassler P.A., 501 East Kennedy Boulevard, Suite 1700, Tampa, Florida 33602, on or before **December 29, 2023**, or suffer default. Personal attendance is not required.

Any claimant desiring to contest the right of the Petitioners to exoneration from

liability or the right of Petitioners to limitation of liability must also file an answer to said Complaint as required by the Federal Rules of Civil Procedure, Supplemental Rule F, and must serve on or mail to Petitioners' attorney a copy thereof, unless claimant's claim, as set forth hereinabove, has included an answer.

      DATED this _____ day of November, 2023.

 

                                                          _____
                                                                      Clerk of Court